IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LAMONT VAN HARRIS,

                Petitioner,

v.                                           CIVIL ACTION NO. 2:24-cv-00429

JONATHAN FRAME, *Warden,*
*Mount Olive Correctional Complex*,

                Respondents.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's December 3, 2024 *Petition* under 28 U.S.C. § 2254 (Document No. 9), brought on the grounds that he was improperly given consecutive state and federal sentences for the same transaction and that his time served was not applied correctly in accordance with his state plea agreement.

By *Standing Order* (Document 3) entered on August 20, 2024, this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On May 27, 2025, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (Document 22) wherein it is recommended that this Court find that the Petitioner's § 2254 petition was untimely filed, grant the Respondent's motion to dismiss, and dismiss the petition with prejudice. Objections to the Magistrate Judge's *Proposed Findings and Recommendation* were due by June 13, 2025. The Petitioner filed his *Response to Proposed Findings and Recommendation* (Document 23), construed as objections, on June 23, 2025. The Court deems

the objections timely filed based on the Petitioner's explanation that he was moved from Mt. Olive to St. Mary's Correctional Center. The Court has also reviewed the *Respondent's Response to Petitioner's Objections to the Magistrate's Report and Recommendation* (Document 24).

## FACTS

The Petitioner, Lamont Van Harris, was serving a term of supervised release following a federal sentence for possession with intent to distribute cocaine base in Case No. 2:01-cr-261-7 when he was charged with new crimes in both state and federal court related to a shooting. He was charged in federal court with being a felon in possession of a firearm, and ultimately sentenced to 120 months in prison, to be followed by a three-year term of supervised release, in Case No. 2:11-cr-240. He was also sentenced to a consecutive 24-month term of incarceration on revocation of his supervised release in Case No. 2:01-cr-261-7. In Kanawha County Circuit Court, the Petitioner entered a conditional guilty plea to one count of malicious wounding, with the finding of a firearm, and one count of wanton endangerment, in Case No. 13-F-698. He was sentenced to two to ten years on the malicious wounding charge and five years on the wanton endangerment charge, to run consecutive to each other and to the federal sentence.

After the Petitioner's January 8, 2024 plea and sentencing hearing, his attorney was permitted to withdraw, as reflected in a March 4, 2014 order. The Petitioner sent letters to the Kanawha County Circuit Court noting his intent to appeal on February 4, 2014 and on July 30, 2014. On September 30, 2014, he inquired of the Supreme Court of Appeals of West Virginia about the status of his appeal and, on November 6, 2014, was sent a letter indicating that the Supreme Court of Appeals of West Virginia had no record of his appeal. He filed a mandamus petition on March 17, 2015, in the circuit court seeking to withdraw his guilty plea, then filed

2

motions for reconsideration of his sentence, all of which were denied.  In 2016, he filed a habeas case in the Supreme Court of Appeals of West Virginia in Case No. 16-0969, which was refused because he was not in state custody.  A pro se habeas petition he filed in the Kanawha County Circuit Court in 2016 was dismissed for the same reason.  In 2022, after being released from federal custody into state custody, he filed another habeas petition in the Kanawha County Circuit Court, which remains pending.

## STANDARD OF REVIEW

### A.  PF&R Objections

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).  When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction.  *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

### B.  Motions Pursuant to 28 U.S.C. § 2254

28 U.S.C. § 2254 provides for federal review of a state prisoner's petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or

treaties of the United States." 28 U.S.C. § 2254(a). Petitioners must exhaust all available state remedies. *Id.* § 2254(b)(1). Furthermore:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d)(1)–(2). Factual determinations made by a state court are presumed correct, and petitioners must rebut that presumption by clear and convincing evidence. *Id.* § 2254(e)(1).

Federal review of motions brought by state prisoners pursuant to 28 U.S.C. § 2254 is highly deferential. *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1398 (2011); *Robinson v. Polk*, 438 F.3d 350, 354-55 (4th Cir. 2006). The Supreme Court explains that the "contrary to" clause of § 2254(d)(1) means that "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The "unreasonable application" clause of that section means that "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

"Under § 2254(d), a habeas court must determine what arguments or theories supported or…could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding

4

in a prior decision of this Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *see also Wetzel v. Lambert*, 132 S. Ct. 1195, 1199 (2012) (holding that habeas relief is unavailable unless "*each* ground supporting the state court decision is examined and found to be unreasonable under AEDPA." If a state court applied the appropriate legal standard in a reasonable manner, the federal court may not grant habeas relief even if it would have reached a different conclusion. *Williams*, 529 U.S. at 406. "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410 (emphasis in original).

## DISCUSSION

Magistrate Judge Tinsley found that the Petitioner's § 2254 Petition was untimely. The PF&R explains that 28 U.S.C. § 2244(d)(1) requires that a habeas petition pursuant to § 2254 must generally be filed within one year from the date on which the judgment became final, absent events not alleged in this case. The PF&R calculates the date on which Mr. Harris' state convictions became final as July 3, 2014, and the expiration of the statute of limitations as July 3, 2015. Because the Petitioner offered no basis for running the statute of limitations under other sections of § 2244(d)(1) and no basis for equitable tolling, Judge Tinsley recommends dismissing the petition as untimely. Alternatively, the PF&R recommends dismissal without prejudice for failure to exhaust state remedies, because he has a habeas corpus petition with similar claims pending in the Circuit Court of Kanawha County.

The Petitioner's objections largely focus on his substantive claims for relief, rather than the procedural bars to such relief found in the PF&R. He urges the Court to "look into the underlining [sic] facts to correct injustice." (Obj. at 1.) He details the time he spent in federal and in state custody with respect to the federal and state charges and contends he would not have

5

entered a guilty plea to the state charges if not for his understanding that he would receive credit for the time spent in the regional jail while awaiting trial on the state charges. He argues that he pursued state remedies from January 2014, shortly after entering his state plea, but was told there was no jurisdiction, and was not provided counsel despite requests. He requests a hearing to correct the miscarriage of justice.

Nothing in the Petitioner's objections disputes the factual findings set forth in the PF&R. Despite some evidence in the record that he subjectively intended to appeal and challenge his state sentence or the calculation thereof, his state conviction became final without the filing of an appeal on July 3, 2014. This motion was filed well over a year after that date. He has not set forth facts that would support equitable tolling of the statute of limitations. Given that his state habeas petition remains pending, he has also not shown exhaustion of state remedies. Therefore, the Court finds that the objections must be overruled.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Petitioner's *Response to Proposed Findings and Recommendation* (Document 23), construed as objections, be **OVERRULED**, that the *Proposed Findings and Recommendation* (Document 22) be **ADOPTED**, that the *Respondent's Motion to Dismiss Section 2254 Petition* (Document 17) be **GRANTED**, and that this matter be **DISMISSED**.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is

6

debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Tinsley, to counsel of record, and any unrepresented party.

ENTER: August 22, 2025

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA